WALTER COWETT, Pro Ami,

*vs.*

THE AMERICAN WOOLEN COMPANY.

Somerset.    Opinion June 16, 1903.

*Negligence.    Master and Servant.    Machinery.    Risks Assumed.*

The master is bound to provide and maintain machinery which is reasonably safe in view of the uses that are to be made of it, and the work that is to be performed upon it and around it.    He is responsible for any defect in the machinery which was or ought to have been known to him, and was unknown to the servant.

He is not bound to anticipate and guard against every possible danger, but only such as can be foreseen by the exercise of reasonable care.

In this case the plaintiff's own testimony shows that he did not receive the injury in the manner he thinks he did; but if it be admitted that he is correct in his theory as to the manner in which the injury was sustained, such an accident or injury was a possibility so remote, a thing so unlikely to happen, that it could not be foreseen or anticipated by the defendant by the exercise of reasonable care.

Motion by defendant for new trial.    Motion sustained.

Case for negligence.

This was an action brought by Walter Cowett against the American Woolen Company for an accident resulting in the loss of the fourth finger of his left hand, while in the employ of said company in its mill at Skowhegan, Jan. 12th, 1901.

The plaintiff alleged in his writ, first, that the defendant adopted and maintained an unsafe, unsuitable, improper and dangerous carding-machine, with its cog-wheels and rollers improperly and insecurely guarded and protected; second, that he was not given proper warning or instructions as to the dangerous character of the machine; and that being about sixteen years old, he did not know or appreciate the danger.

The case was tried at the March term of the court and a verdict for the plaintiff was rendered for $1034.88.    The defendant filed a

motion to set the verdict aside, which motion was filed in due season, in the usual form.

*Forrest Goodwin,* for plaintiff.

*E. F. Danforth and S. W. Gould,* for defendant.

SITTING: WISWELL, C. J., STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

POWERS, J. This is an action on the case for negligence, and comes before the court on motion to set aside the verdict, which was for the plaintiff.

At the time of the injury the plaintiff was employed in the card room of the defendant's mill, and it was a part of his duty to feed and clean the cards. He undertook to clean the waste out of the cog-wheels at the end of the rollers while the machinery was running. To pick the wool from the cogs he was obliged to use his left hand in the narrow space between the wheels and the rollers, employing his thumb and forefinger for that purpose. This brought his little finger very near to the rollers, and while so employed it was caught between the large cylinder and one of the smaller strippers on top of the cylinder, drawing in and partially crushing the hand. He was sixteen years of age, and had worked in the card room for two years and a half. The cog-wheels, cylinders, and strippers were all in plain sight, and his testimony shows that he knew and appreciated the danger of getting his hand between the cylinder and roller, and as to this he must be held to have assumed the risk. The plaintiff's claim, however, is that there was another and a hidden danger, of which he did not know, and could not have known in the exercise of reasonable care and diligence, and which was the real cause of the injury he received. In the collar on the shaft of and at the end of the stripper, near to the plaintiff's hand, there was a small set screw with an oval head, in which was a slot with sharp edges. The head of this screw was about one-quarter of an inch broad, and projected about one-sixteenth of an inch from the rapidly revolving collar. The plaintiff claims that the head of this screw hit his hand, surprising him and causing him, by a sudden and involuntary movement, to

draw his hand into the machinery where it was caught and injured. It is claimed that it was the master's duty to place a guard over the head of the screw, or to warn the plaintiff of its existence, which was not ordinarily perceptible, and of which he had no knowledge.

The plaintiff's theory as to the manner in which the injury happened is not supported by his own evidence. He says something hit his finger, and that whatever hit it was away from the roller and on the other side. The screw in the collar of the roller or stripper might possibly be said to be away from it, but it could hardly be said to be upon the other side of it. He states positively that he does not know what hit his finger, but we think his testimony shows what it was in fact. He says, "Something struck my finger, and I went to draw my hand out and it began to draw in."

"Q. How long was it from the time this something hit your hand before your hand went into the collar?

A. It went in right off. The minute I went to draw my hand out it began to draw in."

At the time the plaintiff was standing with his side to the machinery, facing the same way as the cards, and using his thumb and forefinger to pick the wool from the cogs. This would bring his little finger very near to that part of the machinery in which it was caught. His testimony shows that there was not a hitting of the finger, a drawing away of the hand, and then a catching of the finger. The contact and the catching were simultaneous, and at the same point, and it is impossible to resist the conclusion that the only object which hit his finger was that part of the machinery in which it caught. The space was a narrow one. On the one side the cogs, and on the other the rollers. He says the wool which he was picking out was packed tight into the cogs. To extricate it must have required the use of some strength, and a slight sudden and unexpected giving away of the wool would have a tendency to carry his hand away from him and into the rollers. If the finger had been hit by the screw head, causing a sudden and involuntary starting on the plaintiff's part, it would seem that the natural and instinctive movement would have been to have drawn his hand toward him, and away from the point of contact, rather than away from him and by the screw head. We

are of the opinion that the jury failed to appreciate the force of the plaintiff's testimony, and that the verdict is clearly erroneous.

Even if the plaintiff's theory in regard to the manner in which the injury was received had been sustained by the evidence, there is another objection which is fatal to his recovery. It was not the duty of the plaintiff to provide absolutely safe machinery. The law imposes no such burden upon the master. He is not an insurer. It is his duty to provide and maintain machinery which is reasonably safe, in view of the uses that are to be made of it, and the work that is to be performed upon it and around it. He is responsible for any injury arising through any defect in the machinery which was or ought to have been known to him, and was unknown to the servant. He is not required to anticipate and guard against every possible danger, but only such as are likely to occur. The degree of care should rise with the danger; but assuming as true the plaintiff's position, that it was within the contemplation of the parties that he should clean the machine while running, we do not think the defendant ought to have known that such an injury was likely to occur. That the oval head of the set screw, projecting one-sixteenth of an inch from the revolving collar near the plaintiff's hand, by coming in contact with his finger, would cause him injury, or cause him to make any such involuntary movement as would be the occasion of such an accident or injury as that complained of in the present case, was a possibility so remote, a thing so unlikely to happen, that it could not be foreseen or anticipated by the defendant by the exercise of reasonable care. Such being the fact, neither his failure to place a guard over the head of the screw, nor his omission to warn the plaintiff of the danger, constitute negligence on his part. The facts of the case do not justify a finding that the defendant was negligent, and allowing to the verdict of the jury all the weight to which it is entitled, the court is of the opinion that it is clearly wrong, and that justice requires it to be set aside.

*Motion sustained. Verdict set aside. New trial granted.*